ALBERT HORN, Appellee, v. T. I. STONER, Appellant.

**Instructions:** WITHDRAWAL OF ISSUES. Where, in an action on a stipulation of settlement of prior litigation involving a surrender by the plaintiff of the possession of a building and in consideration of the performance of certain conditions by defendant, the issues were whether a subsequent settlement relating to other premises was a complete settlement of the differences between the parties, and whether defendant was entitled to damages because of injuries to the building, and the evidence showed that defendant was not entitled to such damages and that the settlement sued on was not considered at the time of making the subsequent settlement, an instruction that the jury should not consider the damage to the building was not erroneous because withdrawing a consideration of its bearing on the question of whether the dispute was included in the subsequent settlement.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

FRIDAY, MARCH 11, 1910.

THIS is an action on a stipulation of settlement in a previous litigation. There was a verdict and judgment for plaintiff, and the defendant appeals.—*Affirmed.*

*W. H. Wallingford* and *Hewitt, Miller & Wallingford,* for appellant.

*A. L. Steele,* for appellee.

EVANS, J.—Prior to February 19, 1907, the plaintiff was in possession of certain premises in Des Moines

known as 809 West Walnut street. On January 1, 1907, the defendant became the owner thereof, and brought an action against the plaintiff to obtain possession. A stipulation of settlement was entered into on February 19, 1907, between the parties, whereby Horn agreed to surrender the possession to Stoner, and whereby Stoner agreed to pay him the sum of $50, and to convey to him a certain lot in Polk & Hubbell's addition. Horn fully performed the stipulation on his part and surrendered the premises on February 25th. Horn was also in possession of the adjoining premises, known as 807 West Walnut street, under a lease expiring in the first part of June, 1908. At some time prior to such latter date Stoner became the owner of these premises also. In March, 1907, Horn had asked for a performance of the stipulation on the part of Stoner, which Stoner refused on the ground that Horn had permitted ashes to accumulate for many years in the basement of the vacated premises, and had damaged the supports of the building by undue weight thereon. In May, 1908, Stoner desired possession of the back room at No. 807 Walnut street a few days before the expiration of the lease, and certain negotiations were had in his behalf with Horn by his foreman, one Mehler. Mehler drew up the following written agreement, which was duly signed:

Des Moines, Iowa, May 29, 1908. In consideration of Albert Horn agreeing to move his stock from the back room at No. 807 Walnut St. on the 30th and 31st inst., being a few days before his lease expires, T. I. Stoner agrees to give the said Horn the use of the front part of the store for two days after the expiration of his lease. This is in compromise settlement of any differences between the undersigned herewith.

Plaintiff brought this action in July, 1908. The defendant set up the contract of May 29, 1908, as a com-

plete settlement. The plaintiff by reply denied that such settlement of May 29th had any reference whatever to the previous transaction. Evidence was taken on the question, and this issue was submitted to the jury. The defendant also set up a counterclaim for damages to the premises at 809 West Walnut street by reason of permitting the accumulation of ashes and weakening the supports thereof. The court withdrew this counterclaim from the jury. This counterclaim was without any merit whatever, and the appellant does not complain of the withdrawal. His complaint is that the manner in which it was withdrawn deprived him of the consideration of it by the jury in determining whether it was included in the contract of May 29, 1908. His particular complaint is directed to instruction 3, which reads as follows:

The evidence fails to show that the building in question was in any manner damaged by the plaintiff after January 1, 1907, the date at which defendant took possession of same. You will therefore not consider any matter in relation to the damage to the floor of said building or the ashes and trash in the cellar thereof.

We see nothing wrong with this instruction. Appellant contends that he was entitled to have these matters considered as bearing upon the question whether this dispute was included in the last contract. There is no claim on the part of the appellant or his foreman, as witnesses, that this claim was discussed to any extent in the oral negotiations preceding the signing of the paper of May 29, 1908. On the contrary, it is undisputed that the subject was not mentioned. Taking the record as a whole, we think the trial court would have been quite justified in withdrawing the plea of settlement from the consideration of the jury. The trial court, however, saw fit to submit the question to the jury, and we are unable to see that appellant has any ground of complaint. The

only other issue in the case was the question of value of the lot, and no serious complaint is made of the rulings of the court on this question.

The judgment of the court below is *affirmed*.